**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>COLE HAAN, INC., and DOES 1 through 50, inclusive,<br><br>    Defendants._____/ | No. C 11-01826 JSW<br><br>**ORDER DENYING MOTION TO DISMISS** |
| STEPHANIE CONCEPCION, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>COLE HAAN, INC., and DOES 1 through 50, inclusive,<br><br>    Defendants._____/ | No. C 11-02187 JSW<br><br>**ORDER DENYING MOTION TO DISMISS** |

Now before the Court are the motions to dismiss filed by defendant Cole Haan, erroneously sued as Cole Haan, Inc. ("Defendant"). The Court determines that these matters are appropriate for disposition without oral argument and are deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for September 30, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant

authority, and good cause appearing, the Court hereby DENIES Defendant's motions to dismiss for the reasons set forth below.

Defendant moves to dismiss the "claims" by plaintiff Tammie Davis and Stephanie Concepcion ("Plaintiffs") for *cy pres* recovery. Plaintiffs each bring a cause of action for violation of California Civil Code § 1747.08, the Song-Beverly Credit Card Act of 1971 ("Song-Beverly Credit Card Act"). In their prayers for relief, Plaintiffs each seek an award for themselves and the purported class they seek to represent of the civil penalty pursuant to California Civil Code § 1747.08 and "for distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct." Defendant argues that *cy pres* is considered a form of equitable relief and the Song-Beverly Credit Card Act only authorizes recovery of statutory damages by private plaintiffs.

In *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990), the Ninth Circuit held that *cy pres* or a fluid recovery may be considered by courts to distribute unclaimed funds after a valid judgment for statutory damages has been entered against a defendant. The court merely rejected the district court's specific application of *cy pres* because the proposed distribution of funds was to a group too remote from the plaintiff class and there was no reasonable certainty that any class member would have benefitted. *Id.* at 1308.[1]

The Court need not determine at this time whether distribution of any unclaimed statutory damages to the purported class through *cy pres* would be appropriate. The issue of *cy pres* distribution is premature until a class is certified, damages are awarded, *and* there are funds that remain unclaimed. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) (finding *cy pres* distribution "becomes ripe only if entire settlement fund is not

---

[1] Defendant relies on *Haug v. Petsmart, Inc.*, 2010 WL 2925096 (E.D. Cal. July 23, 2010). In *Haug*, the court characterized the plaintiff's request for *cy pres* relief as damages, and as such, struck the plaintiff's request for "*cy pres* damages" as unauthorized by the Song-Beverly Credit Card Act. The Court disagrees that *cy pres* funds are a form of damages, and finds instead, that they are a form of distribution of damages. Therefore, the Court finds the reasoning of *Haug* unpersuasive.

distributed to class members" and declining to determine propriety of *cy pres* at that time). Accordingly, the Court DENIES Defendant's motions to dismiss. This Order is without prejudice to Defendant challenging the use of *cy pres* distribution if and when this issue becomes ripe.

**IT IS SO ORDERED.**

Dated: September 27, 2011


JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE