COOLEY LLP
MICHELLE C. DOOLIN (179445) (doolinmc@cooley.com)
JENNIFER M. FRENCH (265422) (jfrench@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
MATTHEW M. BROWN (264817) (brownmm@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
COLE HAAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLE HAAN, INC., a New York Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Consolidated Case No.  11-cv-01826-JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**<br><br><br><br><br>Hon. Jeffrey S. White<br>Courtroom 11, 19th Floor |
| STEFANI CONCEPCION, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLE HAAN, INC., a New York Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  11-cv-02187-JSW |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE
HANDLING OF CONFIDENTIAL MATERIAL**

**WHEREAS**, plaintiffs Tammie Davis and Stefani Concepcion and defendant Cole Haan contemplate that the discovery of documents and other information in the above-referenced consolidated action (the "Litigation") may involve the production of materials that the producing party may reasonably believe in good faith to be protected from public disclosure under applicable law;

**WHEREAS**, the parties seek to protect against the risk of injury from the public dissemination of such confidential information; and

**WHEREAS**, the parties desire to enter into this confidentiality stipulation to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials;

**NOW**, **THEREFORE**, the parties hereby stipulate and agree, through their undersigned counsel, to the following terms and conditions that they contemplate will govern the production of information that the producing party reasonably and in good faith deems to be confidential, and further stipulate, agree, and request that the Court enter a protective order consistent with the terms of this confidentiality stipulation ("Protective Order"):

**1.      Discovery Material.**  The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other forms of information produced or voluntarily exchanged in the Litigation by any parties or non-parties, including but not limited to: any "writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands and deposition testimony and exhibits, however recorded; and any other written, recorded, or graphic matters ("Discovery Material").

**2.      Protected Material.**  The Protective Order shall govern the pre-trial disclosure, use, and disposition of all Discovery Material that a designating or producing party or non-party reasonably believes in good faith to be entitled to protection from disclosure under applicable law because disclosure would implicate a personal, financial, or other privacy interest protected by

law, including but not limited to, trade secret or other confidential research, development or commercial information, credit card numbers, customer information, home telephone numbers and addresses, personnel evaluations, and banking information ("Protected Material"). The parties shall meet and confer at the pre-trial conference or other appropriate time to discuss procedures for the use of Protected Material at trial.

**3. Designations.** It shall be the duty of the party producing the Protected Material to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in paragraph 7 below. A party with an interest, other than the producing party, in the confidentiality of the material to be produced or already produced because either (a) the material contains the party's trade secrets or other confidential research, development, commercial, or personal information, or (b) the material contains information provided to that party by a non-party under an agreement with the non-party that the party would maintain the confidentiality of the information, may also give notice that the material is Protected Material covered by this Protective Order and should be designated in the manner set forth in paragraph 7 below.

**4. Duties.** The duty of the party or parties receiving the Protected Material, and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated, shall commence with such notice. Protected Material shall be designated, subject to the provisions of this Order, with one of the following designations:

    **a.** "Confidential;" or

    **b.** "Highly Confidential – Attorneys' Eyes Only."

No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by another party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," except as provided for in this Protective Order or as further ordered by the Court.

**5. Definition of Confidential**. Discovery Material produced by any party or non-party as part of formal or informal discovery in the Litigation may be designated by the producing party or non-party as "Confidential." Absent a specific order by the Court, once designated as "Confidential," such designated Discovery Material and any information contained therein or

derived there from shall be used by the parties solely in connection with the Litigation and shall not be used or disclosed by the parties for any other purposes, including but not limited to any other litigation or any other business, competitive, or governmental purposes or functions. Any such Protected Material shall not be disclosed to anyone except as provided in the Protective Order. Discovery Material may be designated as "Confidential" if the designating party believes that such material constitutes, discloses, or relates to Protected Material, including the following: processes, operations, or research; technical or developmental information; production, marketing, sales, financial, or other proprietary data or information of commercial value; or personnel, customer, or otherwise private data that is protected from public disclosure by a person's right to privacy.

**6.** **Definition of Highly Confidential – Attorneys' Eyes Only**. Discovery Material produced by any party or non-party as part of formal or informal discovery in the Litigation may be designated as "Highly Confidential – Attorneys' Eyes Only" if the designating party believes that such material constitutes, contains, and/or reflects highly sensitive financial information, business plans, business strategy, commercial information, including, for example negotiations, vendor, supply, and other contracts and license agreements, personnel information (including, for example, compensation, evaluations, and other employment information) maintained as confidential for employee privacy reasons, trade secrets, non-public information including, but not limited to, marketing or sales information, ongoing research and development projects, or other information which is likely to cause harm to its competitive position if it becomes known to a party other than the disclosing party.

**7.** **Designation Procedure.** The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

       **a.** For documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for production or admissions, or other material (apart from depositions or other pre-trial testimony): by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as appropriate, to any such Discovery Material containing any confidential

1   information at the time such documents are produced or such information is disclosed, or as soon

2   thereafter as the party or non-party seeking protection becomes aware of the confidential nature

3   of the information or material disclosed and sought to be protected under this Protective Order;

4   and

5        **b.**    For depositions or other pre-trial testimony: a party or non-party may

6   designate information disclosed during a deposition or other pre-trial testimony as "Confidential"

7   or "Highly Confidential – Attorneys' Eyes Only" by so indicating in said responses or on the

8   record at the deposition, and by requesting the preparation of a separate transcript of such

9   material.  In addition, a party or non-party may designate in writing, within thirty (30) calendar

10  days after receipt of said responses or of the deposition transcript for which the designation is

11  proposed, the specific pages of the transcript and/or specific responses to be treated as

12  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

13       **c.**    Any other party may object to any designation made pursuant to the terms

14  of this paragraph 7 in writing or on the record.  Upon such objection, the parties shall follow the

15  procedures described in paragraph 11 below.  After any designation made pursuant to this

16  paragraph 7, the Protected Material shall be treated as such until the matter is resolved according

17  to the procedures described in paragraph 11 below.  Counsel for all parties shall be responsible

18  for marking all previously unmarked copies of the Protected Material in their custody, control, or

19  possession with that designation.

20       **8.**    **Submissions to the Court.**  All complaints, answers, motions, briefs, declarations,

21  or any other papers or pleadings intended to be filed with the Court that contain, comprise, quote

22  from, summarize, excerpt, append, or otherwise embody Protected Material shall be subject to the

23  procedures set forth in Northern District of California Civil Local Rule 79-5.  Such procedures

24  are summarized in part below, and in the event of any conflict between those rules and the

25  procedures noted in this Protective Order, said rules shall govern.

26       **a.**    **Party intends to move for order sealing records**.  If a party brings any

27  proceeding before the Court in which such party intends to disclose material designated as

28  Protected Material to the Court and further intends to request that the record containing such

information be sealed, said party shall lodge with the Court any such materials, together with any pleadings, memorandums, declarations, or other documents that disclose the contents of such materials, and timely submit to the Court an administrative motion for filing such information under seal, all in accordance with Northern District of California Civil Local Rules 7-11 and 79-5.

**b.** **Party does not intend to move for order sealing records**. If a party brings any proceeding before the Court in which such party intends to disclose any material designated as Protected Material to the Court but does not intend to request that the record containing such information be sealed, they must proceed as follows:

**(1)** Lodge the un-redacted materials designated as Protected Material and any pleadings, memorandums, declarations, or other documents that disclose the contents of such materials in the manner set forth in Northern District of California Civil Local Rules 7-11 and 79-5;

**(2)** File copies of the documents noted in paragraph 8(b)(1), above, that are redacted, so they do not disclose the contents of any materials designated as Protected Material; and

**(3)** Give written notice to the party that produced the materials lodged as noted in paragraph 8(b)(1), above, will be placed in the public court file unless that party files a timely administrative motion to seal the records under Northern District of California Civil Local Rule 79-5.

**c.** **Declaration in support of motion for order sealing records**. In connection with any party's request to have any material sealed that was lodged with the Court pursuant to this paragraph, the declaration in support of any such request shall contain sufficient particularity with respect to the particular materials at issue and the basis for sealing them to enable the Court to make the findings required by Northern District of California Civil Local Rules 79-5 without being required to review each item of materials so designated.

**9.** **Access to Confidential Material.** All Protected Material and information derived from Protected Material shall be used by the parties solely in connection with the Litigation and shall not be used or disclosed by the parties for any other purpose, including but not limited to

any other litigation, or any other business, competitive, or governmental purposes or function. Such Protected Material shall not be disclosed to anyone except as provided herein. Discovery Material marked as "Confidential," including copies or extracts there from and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

     **a.**     The parties, including directors and officers of the respective parties;

     **b.**     The in-house and outside counsel of record for the parties and regular and temporary employees or employee equivalents (e.g., vendors, paralegals, office clerks, secretaries, and other support staff) of such counsel to whom it is necessary that the information or material be shown for the purposes of the Litigation;

     **c.**     Experts and consultants for the purpose of assisting any party in the preparation of the case or for the purpose of providing testimony, whether by deposition, any pre-trial proceeding, settlement proceedings, or arbitration. Before receiving Protected Material, any such expert or consultant shall agree and be subject to the terms of this Protective Order and this Court's jurisdiction for enforceability purposes, and shall execute the acknowledgment attached hereto as Exhibit A;

     **d.**     The Court and its personnel (including court reporters, transcribers, notary publics, stenographers, or videographers) to whom disclosure is reasonably necessary for this Litigation;

     **e.**     Copy services or graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, pre-trial proceedings, arbitration or settlement proceedings, provided such persons are notified of the terms of this Protective Order and have executed the acknowledgment attached hereto as Exhibit A.

     **f.**     Any authors or recipients of the Protected Material;

     **g.**     Any persons (and their counsel) who may testify at a deposition, pre-trial hearing, or arbitration of the Litigation, including any preparation for such testimony or any witness who may present evidence in this case; provided such persons are notified of the terms and provided with a copy of this Protective Order, have executed the acknowledgment attached

hereto as Exhibit A, and are not permitted to retain copies of any Protected Material. At the request of any party, any portion of a deposition transcript involving Protected Material shall be designated in accordance with paragraph 7 above.

> **h.** Non-technical jury or trial consulting services retained by counsel for a party, provided such persons are notified of the terms and provided with a copy of this Protective Order and have executed the acknowledgment attached hereto as Exhibit A.

> **i.** Any other person only upon order of the Court or upon prior written consent of the party or non-party producing the Protected Material.

Executed copies of Exhibit A shall be retained by counsel to the party disclosing the Protected Material and shall be made available for inspection by opposing counsel during the pendency or after the termination of the Litigation only upon order of the Court for good cause shown.

**10. Access To Highly Confidential – Attorneys' Eyes Only Material.** Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall be available only to the categories of persons identified in paragraphs 9(b)–(i), above.

**11. Challenging a Designation.** If a party receiving Discovery Material that has been designated as Protected Material seeks removal of protection for particular items so designated on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

> **a.** The receiving party seeking such removal shall give counsel of record for the designating party, notice thereof, in writing by facsimile or email followed by a hard copy sent next business day courier, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Protective Order. Any such objection shall be made in writing (by facsimile or email followed by a hard copy sent next business day courier). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

**b.** If the parties (or parties and third parties in the event the producing party is a third party), cannot informally reach agreement concerning the matter, the designating party requesting protection for particular items may move for an appropriate ruling upon filing a formal motion from this Court within forty-five (45) calendar days of receiving notice under paragraph 11(a). If no motion is made by the party requesting protection, the material shall continue to be treated in accordance with the original designation until the expiration of forty-five (45) calendar days from the date of the receiving party's written challenge to the designation. If a motion is made by the designating party, the material will continue to be treated as protected until the Court rules. The designating party shall have the burden of establishing that designation under applicable law. If no motion is made, the Protected Material shall lose its confidential status.

**c.** For purposes of this Litigation or any other action, the failure to challenge a designation does not concede the Protected Material does in fact contain or reflect trade secrets or proprietary or confidential information. Parties shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.

**12.     Jurisdiction.** All persons who have access to Protected Material acknowledge they are bound by the items of the Protective Order and submit to the jurisdiction of this Court for purposes of interpreting and/or enforcing the Protective Order. The Court shall retain jurisdiction to amend, modify, or enforce this Protective Order upon stipulation of the parties to this Litigation, motion by any party, or on its own motion.

**13.     No Prejudice.** Entering into, agreeing to, and/or producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, shall not:

**a.** Operate as an admission by a party that any particular Protected Material contains or reflects trade secrets, proprietary or commercially sensitive information, information that implicates any individual's privacy interests, or any other type of confidential information;

**b.** Operate as an admission by a party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Material;

**c.** Prejudice in any way the right of a party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to the Protective Order;

**d.** Prejudice in any way the rights of a party to seek a determination by the Court as to whether information or material is subject to the terms of the Protective Order;

**e.** Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

**f.** Prevent the parties from agreeing in writing or on the record during a deposition or hearing in the Litigation to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

**g.** Limit a party's ability to grant non-parties access to its own documents and/or information (provided such information is not derived from any Protected Material of another party);

**h.** Limit any party from introducing Protected Material into evidence at any pre-trial proceeding, subject to the terms of this Protective Order and the designating party's (or designating third party's) right to seek further protection from the Court;

**i.** Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

**j.** Prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested, or based on an argument the discovery sought is beyond the scope permitted under the Code of Civil Procedure.

**14.** **Use of Party's Own Protected Material.** The Protective Order shall have no effect upon, and shall not apply to, a party's use or disclosure of its own Protected Material for any purpose.

**15.** **Use of Information Obtained Independent of Proceedings.** Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or Protected Material obtained lawfully by such party independently of any proceedings in the Litigation; or which already was known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action; or which becomes publicly known through no fault or act of such party.

**16.** **Non-Parties' Confidentiality Rights.** If Protected Material in the custody, control, or possession of a party involves the privacy or confidentiality interests of a non-party, or its disclosure would violate a protective order issued in another action, the party with possession or control of such information shall attempt to obtain the non-party's consent to disclosure of the information under the terms of the Protective Order unless otherwise ordered by the Court. If the consent of the non-party cannot be obtained, the party will notify the other parties of:

       **a.** the existence of the information without producing such information; and

       **b.** the identity of the non-party (provided, however, that disclosure of the identity of the non-party would not violate any confidentiality obligations).

The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

**17.** **Inadvertent Disclosure of Confidential Information.** The failure by a party or a non-party to designate Discovery Material as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the party or parties receiving the Discovery Material of such failure to designate, or of incorrect designation, the receiving party or parties shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information under paragraphs 9 and 10, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

CONSOLIDATED CASE NO. 11-CV-01826-JSW

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL

1    designation.  No person or party shall incur any liability hereunder with respect to disclosure that

2    occurred prior to the receipt of written notice of the mistaken designation.

3        **18.**     **Inadvertent Disclosure of Privileged Information.**   If, in connection with the

4    Litigation, a producing party inadvertently discloses information subject to a claim of attorney-

5    client privilege or attorney-work product protection ("Inadvertently Disclosed Information"), the

6    disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or

7    forfeiture of any claim of privilege or work product protection that the producing party would

8    otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its

9    subject matter.  If a claim of inadvertent disclosure is made by a producing party with respect to

10   Inadvertently Disclosed Information, the receiving party will, within five (5) business days, return

11   or destroy all copies of the Inadvertently Disclosed Information and certify that all such

12   Inadvertently Disclosed Information has been returned or destroyed.

13        **19.**     **Modification of Protective Order.**   It is the present intention of the parties that

14   the provisions of the Protective Order shall govern discovery and other pre-trial proceedings in

15   the Litigation.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order

16   if counsel for the party that designated as "Confidential" or "Highly Confidential – Attorneys'

17   Eyes Only" any Discovery Material under the terms of paragraphs 3 and 4 above consents in

18   writing or on the record to such disclosure.  Any consent so given shall not be deemed a waiver of

19   any other designation.  Each of the parties hereto shall be entitled to seek modification of the

20   Protective Order for good cause by application to the Court on notice to the other parties hereto.

21        **20.**     **Survival and Final Disposition of Protected Material.**   Final termination of the

22   Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use

23   and disclosure imposed by the Protective Order.  Upon final termination of the Litigation by final

24   judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution

25   of all appeals, or within such other period as the parties may agree upon, and upon written request

26   of the producing party, all Protected Material and copies thereof, including such material in the

27   hands of outside experts or consultants, shall be delivered to counsel of record for the producing

28   party of such material.  In the absence of any such written request, any Protected Material shall be

Cooley LLP
Attorneys At Law
San Francisco

11.

Consolidated Case No. 11-cv-01826-JSW

Stipulation and [Proposed] Protective Order Governing the Handling of Confidential Material

destroyed within sixty (60) calendar days of final termination of the Litigation. In the event of destruction, the producing party shall promptly be advised in writing that such Protected Material has been destroyed. Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 19. Notwithstanding the foregoing, counsel of record may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses (including documents produced and attorney work product that contains or constitutes Protected Material, so long as such briefs and other papers are maintained in accordance with the provisions of the Protective Order).

**21.      Use of Protected Material in Court Proceedings.** In the event that any Protected Material is used in any court proceeding in the Litigation or any appeal there from, such material shall not lose its protected status through such use. Counsel for the parties shall confer on such procedures as may be necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

**22.      Violation of this Protective Order.** In the event any person or entity violates or threatens to violate the terms of this Protective Order, the aggrieved party may apply for injunctive relief against any such person or entity. If Protected Material is disclosed in violation of this Protective Order, any party subject to this order who caused, permitted, or was otherwise responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to the disclosure, and shall make reasonable efforts to prevent any further disclosure, including any disclosure by any person or entity that received any Protected Material in violation of the Protective Order.

**23.      Other Actions.** If any party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this action seeking information or material which was produced or designated as Protected Material by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced and/or designated the Protected

C OOLEY LLP
A TTORNEYS A T L AW
S AN F RANCISCO

12.

C ONSOLIDATED C ASE N O. 11-CV-01826-JSW

S TIPULATION AND [P ROPOSED ] P ROTECTIVE O RDER G OVERNING THE H ANDLING OF C ONFIDENTIAL M ATERIAL

1  Material prior to compliance with the subpoena, demand, or legal process, so as to allow the

2  producing and/or designating parties to seek protection by the Court(s).  Nothing herein shall be

3  construed as requiring the party or anyone else covered by this Protective Order to challenge or

4  appeal any order requiring production of information or material covered by this Protective

5  Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to

6  seek any relief from this Court.

7  Respectfully submitted,

8  Dated: January 12, 2012                     COOLEY LLP
                                               MICHELLE C. DOOLIN
9                                              BEATRIZ MEJIA
                                               JENNIFER M. FRENCH
10                                             MATTHEW M. BROWN

11
                                               /s/ Matthew M. Brown
12                                             Matthew M. Brown

13                                             Attorneys for Defendant
                                               Cole Haan
14
    Dated:  January 12, 2012                   HARRISON PATTERSON & O'CONNOR LLP
15                                             JAMES R. PATTERSON

16
                                               /s/ James R. Patterson
17                                             James R. Patterson

18                                             Attorneys for Plaintiff
                                               TAMMIE DAVIS
19

20  Dated:  January 12, 2012                   STONEBARGER LAW, APC
                                               GENE J. STONEBARGER
21                                             RICHARD D. LAMBERT

22
                                               /s/ Gene J. Stonebarger
23                                             Gene J. Stonebarger

24                                             Attorneys for Plaintiff
                                               STEFANI CONCEPCION
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Matthew M. Brown hereby attests that concurrence in the filing of this document has been obtained.*

/s/  Matthew M. Brown
Matthew M. Brown

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

CONSOLIDATED CASE NO. 11-CV-01826-JSW

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL

**EXHIBIT A**

**CONFIDENTIALITY ACKNOWLEDGEMENT**

I, _____, state the following:

1.      I have received a copy of the Protective Order entered in the consolidated cases captioned: *Davis v. Cole Haan*, Consolidated Case No. 11-cv-01826-JSW, in the United States District Court for the Northern District of California (the "Litigation").

2.      I have read and understand the Protective Order and agree to be bound by all of its terms.

3.      I hereby submit to the jurisdiction of this Court, and to the application of applicable law for the purpose of enforcement of the terms of the Protective Order and of my agreement herein.

4.      I shall not use or disclose to others, except in accordance with the terms of the Protective Order, any Protected Materials.

5.      Upon termination of the Litigation, I will promptly destroy or return all original and any copies of Protected Material that came into my possession to the person to supplied me with such material.  I also will destroy any notes and/or documents that contain references to Protected Material, unless it is practicable to permanently delete any and all such references.

6.      If I fail to comply with the terms of the Protective Order or my agreement herein, I understand that I may be subject to contempt of court and/or civil damages.


Dated: _____

_____
Signature

_____
Printed name

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

CONSOLIDATED CASE NO. 11-CV-01826-JSW

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL

**[PROPOSED] ORDER**

Having considered the parties' Stipulated Protective Order as outlined above, and for good cause shown, the Court **GRANTS** the Stipulated Protective Order and hereby **ADOPTS** the Stipulated Protective Order as the order of this Court.

**IT IS SO ORDERED**.

January 30, 2012
_____
Dated

_____
The Honorable Jeffrey S. White
United States District Judge

1246946 v1/SF

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

CONSOLIDATED CASE NO. 11-CV-01826-JSW

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL