IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COLE HAAN, INC., and DOES 1 through 50, inclusive, <br><br> Defendants. | No. C 11-01826 JSW <br><br> **ORDER REGARDING MOTIONS FOR FINAL APPROVAL AND FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS** |

This matter comes before the Court on consideration of the unopposed motion for attorneys' fees, reimbursement of costs, and incentive awards filed by plaintiffs Tammie Davis, Stefani Concepcion, and Valeria Lletget ("Plaintiffs"), as well as Plaintiffs' motion for final approval of the class action settlement. The Court has considered the parties' papers, the relevant legal authority, and the record in this case.

On October 11, 2013, the Court held a final approval hearing. Counsel for Plaintiffs, counsel for defendant Cole Haan Company Store ("Cole Haan"), and objector Sharon Lee appeared at that hearing. For the reasons set forth in the remainder of this Order, the Court hereby denies the motion for attorneys' fees, reimbursement of costs, and Plaintiff's incentive awards.[1]

The Court notes that the proposed order submitted by Plaintiffs in support of their motion for final approval of the class action settlement does not address the class member who requested to be excluded from the class. Nor does the proposed order address whether this

---

[1] The Court overrules the evidentiary objections submitted by objector Sharon Lee.

1  action should be dismissed or judgment should be entered.  Moreover, the proposed order
2  includes provisions awarding the amounts requested in the separate motion for attorneys' fees,
3  reimbursement of costs, and incentive awards.  The Court HEREBY RESERVES RULING on
4  Plaintiffs' motion for final settlement pending receipt of a revised proposed order to address
5  these issues.

## BACKGROUND

Plaintiffs filed this class action against Cole Haan.  (First Amended Consolidated Compl., ¶ 3.)  Plaintiffs allege that Defendants wrongfully collected their personal identification information during a credit card transaction.  Plaintiffs bring a claim under California Civil Code § 1747.08, the Song-Beverly Credit Card Act of 1971("Song-Beverly Credit Card Act").

Plaintiffs now move for final approval of the class action settlement and for attorneys' fees, reimbursement of costs, and incentive awards.  The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

This action asserted claims under California law and is premised on diversity jurisdiction.  Ordinarily California law would govern the determination of attorneys' fees here.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  However, where, as here, state law runs counter to a federal statute, federal law governs.  *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).  The Class Action Fairness Act ("CAFA") governs the calculation of attorneys' fees for coupon settlements in class actions.  *See* 28 U.S.C. § 1712.

"Congress passed CAFA primarily to curb perceived abuses of the class action device. ... One such perceived abuse is the coupon settlement, where defendants pay aggrieved class members in coupons or vouchers but pay class counsel in cash."  *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1177 (9th Cir. 2013) (internal quotation marks and citation omitted).  As the Ninth Circuit noted, "coupon settlements involve variables that make their value difficult to appraise, such as redemption rates and restrictions. ... For instance, a coupon settlement is likely

to provide less value to class members if ... the coupons are non-transferable, expire soon after their issuance, and cannot be aggregated." *Id*. at 1179.

Section 1712 of CAFA provides that "[i]f a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to the class members of the coupons that are redeemed." 28 U.S.C. § 1712(a). Lodestar fees may only be awarded if the class obtains non-coupon relief. *In re HP Inkjet Printer Litig.*, 716 F.3d at 1185. Where a settlement only provides for coupon relief for the class, the entire attorneys' fee award is attributable to the award of coupons. *Id.* at 1182. In such cases, "the court must determine a reasonable contingency fee based on the actual redemption value of the coupons awarded." *Id.* at 1184.

Here, Class Counsel argues that the award provided is not a coupon settlement. Pursuant to the proposed settlement, class members would have the option of receiving a voucher for $20 off any merchandise purchase or a voucher for 30 percent off any merchandise purchase. (Settlement Agreement and Release, attached as Exhibit 1 to the Declaration of Gene J. Stonebarger in support of motion for preliminary approval of class action settlement ("Stonebarger Decl.").) The vouchers expire within six months, may only be redeemed in Cole Haan's California stores, are transferable, may not be combined with any other promotional coupon or voucher, and are not redeemable for cash, including cash back. (*Id*.) Only 91 class members submitted claim forms to receive the $20 voucher option. (Declaration of Jennifer M. Keough ("Keough Decl."), ¶ 6.) The remaining class members for whom Class Counsel has valid email or direct mailing addresses – 13,700 members[2] – will receive a 30 percent off voucher. (*Id*.) Therefore, approximately 0.66 percent of the class members receiving relief will

---

[2] In their motion for preliminary approval of the class action settlement, Plaintiffs submitted a declaration attesting that there were 17,328 credit card transactions during which the customers' personal identification information was recorded during the purported class period. (Stonebarger Decl., ¶ 7.) Without accounting for the difference, the parties state that there are 16,950 class members. (Docket No. 74.) Presumably, some class members had more than one qualifying transaction during the purported class period. Class counsel emailed or mailed notice to 16,265 of the class members. (Keough Decl., ¶¶ 3, 4.) Again, Plaintiffs do not explain why they will only send vouchers to 13,791 class members. Presumably, 2,474 of the email and mailing addresses were not valid addresses.

3

1  obtain a $20 off voucher. This number is reduced to approximately 0.54 percent when the
2  purported class is considered.

3  CAFA does not define what constitutes a coupon settlement. *See* 28 U.S.C. § 1711
4  (providing definitions for other terms). Although some courts have held that vouchers that
5  would enable class members to purchase an entire product do not qualify as coupons, the Court
6  does not find these authorities persuasive. *See Shames v. Hertz Corp.*, 2012 WL 5392159, *16
7  (S.D. Cal. Nov. 5, 2012); *see also Foos v. Ann, Inc.*, 2013 WL 5352969, *2 (Sept. 24, 2013). In
8  *Foos*, the court held that a coupon settlement is one in which class members are given a
9  discount on merchandise or services offered by the defendant and that a settlement that provides
10 for free merchandise is not a coupon settlement. *Foos*, 2013 WL 5352969 at *2. However, the
11 court did not provide any supporting authority for this distinction.

12 The Court finds it significant that CAFA's legislative history suggests that a noncash
13 benefit, even one which provides for free products, could be a coupon settlement. *See* 109 S.
14 Rpt. 14 (2005) (describing settlements in which class members had the option of receiving free
15 products, such as a free repair kit, free water, or free golf balls, as examples of coupon
16 settlements); *see also Fleury v. Richemont North America, Inc.*, 2008 WL 3287154, *2 (N.D.
17 Cal. Aug. 6, 2008) (relying on CAFA's legislative history to support finding that a settlement
18 providing $100 credits to class members was a coupon settlement).

19 Moreover, although class members may be able to redeem the $20 voucher for a free
20 product, there are significant limitations to these vouchers, namely: (1) the customer would
21 have to pay the sales tax on the product; (2) the vouchers may only be used in California stores;
22 (3) the vouchers expire after six months; (4) the vouchers may not be combined with any other
23 voucher or coupon; and (5) a customer would not receive any cash back if they used the
24 voucher to purchase a product that was less than $20. (Stonebarger Decl., Ex. 1.)

25 Additionally, less than one percent of the class members would actually receive a $20
26 voucher. Therefore, even if the Court were to find that the $20 voucher towards a product was
27 more akin to cash and was not a "coupon," the practical reality is that almost the entire class
28 will be receiving an undisputed coupon (the 30 percent off voucher). Therefore, the Court finds

4

1  that the proposed settlement is a coupon settlement. Accordingly, the Court cannot award the
2  requested lodestar award. Moreover, the Court cannot determine whether a contingency fee
3  award would be reasonable in the absence of evidence showing the actual redemption value of
4  the coupons awarded. This Order is without prejudice to Class Counsel filing an renewed
5  motion for attorneys' fees after the redemption value of the coupons is determined.

6  Counsel are entitled to reimbursement of their reasonable out-of-pocket expenses. *See*
7  Fed. R. Civ. P. 23(h); *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D.
8  Cal. 1995) (approving reasonable costs in class action settlement). However, here, the Court
9  cannot determine what expenses were reasonable. In support of their request, counsel simply
10 attest to the total amount they spent on "un-reimbursed expenses," without any description of
11 what expenses were actually incurred. Therefore, the Court denies the request for costs.
12 However, this Order is without prejudice to counsel filing a renewed motion for costs upon a
13 proper showing.

14 Plaintiffs also request that the Court approve an incentive payment in the amount of
15 $2,000.00 to be awarded to each named plaintiff. "Incentive awards are fairly typical in class
16 action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).
17 However, the Ninth Circuit recently reiterated that "district courts must be vigilant in
18 scrutinizing all incentive awards to determine whether they destroy the adequacy of the class
19 representatives. ... [C]oncerns over potential conflicts may be especially pressing where, as
20 here, the proposed service fees greatly exceed the payments to absent class members."
21 *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal
22 citation and quotation marks omitted). The decision to approve such an award is a matter
23 within the Court's discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.
24 2000). In general, an incentive award is designed to "compensate class representatives for work
25 done on behalf of the class, to make up for financial or reputational risk undertaken in bringing
26 the action, and, sometimes, to recognize their willingness to act as a private attorney general."
27 *Rodriguez*, 563 F.3d at 958-59.
28

Here, without any declaration from the named representatives, or any substantive description of the time devoted and work expended on this case by the named representatives, the Court finds the request for incentive payments to be woefully inadequate. Moreover, although Plaintiffs argue that they risked being held liable for Cole Haan's costs in the event of a defense judgment, there is no declaration attesting that the named representatives would have been held personally responsible, as opposed to counsel, for the costs. Therefore, the Court denies the motion for incentive payments. Again, this Order is without prejudice to a renewed motion upon a proper showing.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for attorneys' fees, reimbursement of costs, and incentive awards. As set forth above, this Order is without prejudice to Plaintiffs filing a renewed motion after the redemption value of the coupons is determined and with proper support for the amounts requested.

**IT IS SO ORDERED.**

Dated: October 21, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE