UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMMIE DAVIS, an individual, and VALERIA LLETGET, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLE HAAN COMPANY STORE, a Maine Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Consolidated Case No. 11-cv-01826-JSW<br><br>[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT<br><br><br>Hon. Jeffrey S. White<br>Courtroom 11, 19th Floor |
| STEFANI CONCEPCION, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLE HAAN COMPANY STORE, a Maine Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | |

On October 11, 2013, this Court heard plaintiffs Tammie Davis', Valeria Lletget's, and Stefani Concepcion's ("Plaintiffs") motion for final approval of the class action settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) the objection and the supporting papers filed by objector Sharon Lee; (c) the Parties' responses to the objection; and (d) counsels' arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Final Order Approving Class Action Settlement ("Final Order") have the same definition as the terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action, all Parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3. Defendant Cole Haan Company Store ("Cole Haan") provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the final fairness hearing.

4. Cole Haan filed a copy of the notice it gave on April 5, 2013 pursuant to 28 U.S.C. § 1715(b) and the notice substantively complies with the requirements of 28 U.S.C. §1715(b) and was sent to the appropriate state and federal officials.

5. For the reasons stated in the Preliminary Approval and Provisional Class Certification Order, and having found nothing in objector Sharon Lee's objection and supporting papers that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

///

6. The Parties adequately performed their obligations under the Settlement Agreement.

7. Upon review of the record, the Court hereby finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law. With respect to the determination that the Settlement Agreement is fair, reasonable, and adequate, the Court specifically notes that (a) this Action involved novel legal issues and it was uncertain that the outcome on the merits would result in a ruling in Plaintiff and the Class's favor (due in part to Cole Haan's contention that its policy and practice did not violate Cal. Civ. Code § 1747.08 since its policy was to not request and record customers' contact information unless the request and recordation was separate and apart from the transaction itself and only when information was voluntarily provided by customers); (b) the Settlement Agreement was reached through negotiations with experienced counsel with the participation of a respected mediator and retired judge after the Parties conducted several months of discovery, and (c) the terms of the Settlement reflect substantial benefits to the Settlement Class.

8. The Court also finds that extensive arm's-length negotiations have taken place, in good faith and free from collusion, between Class Counsel and Cole Haan's Counsel resulting in the Settlement Agreement. Parts of these negotiations were presided over by the experienced mediator the Hon. Edward A. Infante (Ret.).

**IT IS ORDERED THAT:**

1. **Class Members.** The Class Members are defined as:
   All persons who, between March 4, 2010 and May 21, 2013 used a credit card to make a purchase at a California Cole Haan Store and whose Personal Identification Information, including, but not limited to ZIP code, was requested and recorded by Cole Haan.

2. **Binding Effect of Final Order.** This Final Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 7 of the Preliminary Approval of Class

Settlement and Provisional Class Certification Order. This Final Order does not bind persons who filed timely and valid requests for exclusions. One Class Member, Gianina Symons, timely and validly requested to be excluded from the settlement. As such, this Final Order does not apply to or bind Gianina Symons.

3. **Release**. Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Cole Haan from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 4.2 and Section 4.3 of the Settlement Agreement and are specifically incorporated herein by this reference.

4. **Class Relief**. Cole Haan will issue a single Voucher to each Class Member as provided in Section 2.1 and Section 3.13 of the Settlement Agreement.

5. **Use of the Settlement, this Final Order, etc.** The Settlement Agreement, the Preliminary Approval Order, this Final Order, the Final Judgment, and/or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of an admission or concession of any point of fact or law by Cole Haan, including, but not limited to, matters respecting class certification, the truth of any fact alleged, or the validity of any claim that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise, other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Order and the accompanying Final Judgment.

6. **Dismissal**. This consolidated Action and the claims alleged therein are hereby ordered dismissed with prejudice.

7. **Continuing Jurisdiction**. Without affecting the finality of this Final Order or the Final Judgment as to the above issues, including the distribution of Vouchers to Class Members under the terms of the Settlement Agreement, the Court reserves jurisdiction over the implementation, administration, and enforcement of the Final Judgment and the Settlement Agreement, and all matters ancillary thereto, including the determination of the amounts of

attorneys' fees, costs, and incentive awards. Within 21 days after the end of the redemption period for the Vouchers, and before the Court determines the amount of fees to award Class Counsel, Cole Haan shall submit to Class Counsel a report evidencing how many Vouchers were redeemed and the monetary benefits obtained by the Class through the redeemed Vouchers. Plaintiffs shall file a Supplemental Brief in Support of their Motion for Attorneys' Fees, Costs, and Incentive Awards within 14 days after receiving said report from Cole Haan. Plaintiffs' Supplemental Brief shall include a substantive description of (i) Class Counsel's reasonable costs, and (ii) the time and effort expended by the class representatives. Plaintiffs' Supplemental Brief shall also set a hearing on the Motion for Attorneys' Fees, Costs, and Incentive Awards with the Court 35 days after the filing of the Supplemental Brief, or as soon thereafter as the Court is available to hear the matter.

**IT IS SO ORDERED.**

DATED: November 14, 2013

The Honorable Jeffrey S. White
UNITED STATES DISTRICT COURT JUDGE

1339184 /SF