UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE DAVIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COLE HAAN, INC., et al.,<br><br>    Defendants. | Case No. 11-cv-01826-JSW<br><br>**ORDER CONTINUING HEARING AND REQUIRING SUPPLEMENTAL BRIEFING** |

Plaintiffs' renewed motion for attorneys' fees, costs, and incentive awards is scheduled for a hearing on September 18, 2015. The Court has determined that it requires supplemental briefing on the questions set forth below. Accordingly, it HEREBY CONTINUES the hearing to November 13, 2015 at 9:00 a.m. Because Plaintiffs are the moving party, they shall file the supplemental brief required by this Order by no later than October 7, 2015. Any interested party may file a response by October 21, 2015, and Plaintiffs may file a reply by October 28, 2015. If the Court determines that the motion can be resolved without a hearing, it shall notify the parties in advance of the hearing date. The supplemental briefs required by this Order shall not exceed twelve pages.

    1.    In light of the fact that this motion relates to a motion for final approval of a settlement under Federal Rule of Civil Procedure 23, are the parties required to provide additional notice to class members regarding the renewed motion for fees before the Court can rule on that motion? If Plaintiffs did provide additional notice to the class of the renewed motion, where in the docket can the Court find a record of that fact?

    2.    Is the Court required to hold a further hearing or may it rule on the motion on the papers?

1    3.     In their reply brief, Plaintiffs suggest that the Court's Order resolving the motion
2 for fees was an interlocutory order. In that Order, the legal issue the Court decided was whether
3 the settlement was a coupon settlement, and the Court found that it was. The Court did grant
4 Plaintiffs' leave to renew their motion for attorneys' fees. However, it did so to permit them to
5 provide evidence of the actual redemption value of the coupons so that it could determine the
6 amount of fees to be awarded.
7    The Court entered a final judgment in this case on November 13, 2013, and Plaintiffs did
8 not appeal. What is Plaintiffs' best argument that they could not have appealed the Court's
9 determination that the settlement was a coupon settlement?
10    4.     If the Court were to determine that it can, and should, revisit its prior ruling that the
11 settlement was a coupon settlement, what is Plaintiffs' best argument that *In re Online DVD-*
12 *Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015), represents an intervening change in the
13 law? *See, e.g., Thomas v. Bible*, 982 F.2d 152, 155 (9th Cir. 1993) (listing circumstances where
14 court may have discretion to revisit an issue that is the law of the case). The *In re Online DVD-*
15 *Rental* court explicitly stated that its holding was limited. 779 F.3d at 952 ("We conclude only
16 that the gift cards in this case are not subject to CAFA, without making a broader pronouncement
17 about every type of gift card that may appear."). Similarly, what is Plaintiffs' best argument that a
18 manifest injustice would result if the Court failed to award them the lodestar fee they request?
19    5.     If the Court were to revisit its ruling, unlike the $20 off vouchers here, the class
20 members in the *In re Online-DVD Rental* case had the option of choosing cash instead of a gift
21 card, which the court stated undercut the argument that class members were forced to purchase
22 additional products from the defendant. The court also noted that gift cards in that case had no
23 expiration date and described the defendant, Walmart, as a low-cost retailer. 779 F.3d at 941, 950,
24 952. What is Plaintiffs' best argument that notwithstanding those distinguishing facts, the Court
25 should alter its previous ruling that the settlement was a coupon settlement?
26    6.     Plaintiffs shall explain the discrepancy regarding the claims submitted at the time
27 of the Final Approval Hearing and the actual number of $20-off vouchers distributed. (*Compare*
28 Docket No. 78-8, Declaration of Jennifer M. Keough, ¶ 6 *with* Docket no. 104-6, Declaration of

1 | Jennifer M. Keough, ¶ 3.)

2 | **IT IS SO ORDERED.**

3 | Dated: September 16, 2015

```
                                        _____
                                        JEFFREY S. WHITE
                                        United States District Judge
```