UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE DAVIS, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>COLE HAAN, INC., et al.,<br><br>   Defendants. | Case No. 11-cv-01826-JSW<br><br>**ORDER DENYING MOTION FOR ATTORNEYS FEES**<br><br>Re: Docket No. 122 |

Now before the Court for consideration is the motion for attorneys' fees filed by Objector Sharon Lee ("Ms. Lee"). Defendant, Cole Haan Company Store ("Cole Haan") opposes the motion. Plaintiffs have not filed an opposition or a statement of non-opposition. Ms. Lee has filed her reply. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for April 1, 2016, and it HEREBY DENIES the motion.

**BACKGROUND**

The Court has set forth the procedural history and many relevant facts in prior orders. (*See, e.g.,* Docket Nos. 90, 116.) The Court sets forth background facts that are most relevant to Ms. Lee's motion. On October 11, 2013, the parties appeared before the Court for a fairness hearing in connection with a class action settlement and a request by Class Counsel and the named Plaintiffs for attorneys' fees, costs, and incentive awards. Prior to the final approval hearing, Ms. Lee objected to the settlement and to the request for fees on the basis that the settlement was a "coupon" settlement under the Class Action Fairness Act ("CAFA") and subject to the provisions of 28 U.S.C. section 1712. (*See* Docket No. 77.)

On October 21, 2013, the Court issued an Order in which it determined that CAFA governed Plaintiffs' motion for fees, found the settlement was a coupon settlement, and denied the motion for attorneys' fees without prejudice to renewing it after the redemption value of the coupons had been determined. (Docket No. 90, Order Regarding Motions for Final Approval, Attorneys' Fees, Costs and Incentive Awards ("10/21/2013 Order").) The Court overruled Ms. Lee's evidentiary objections. (10/21/13 Order at 1 n.1.) On November 14, 2013, the Court issued an Order finally approving the settlement and entered a final judgment. (Docket Nos. 92, 93.) Ms. Lee filed an appeal, which she later dismissed.

On August 7, 2015, Plaintiffs filed a renewed motion for attorneys' fees, which Ms. Lee opposed. Ms. Lee also submitted a supplemental brief, in response to a Court order requesting supplemental briefs from the parties. On November 12, 2015, the Court granted, in part, and denied, in part, Plaintiffs' renewed motion for attorneys' fees. In that Order, the Court reaffirmed its finding that the Settlement was a "coupon" settlement under CAFA and, therefore, it denied Plaintiffs' request to award a lodestar fee. (Docket No. 116, Order Granting, in Part, and Denying, In Part, Renewed Motion for Attorneys' Fees, Costs and Incentive Awards ("11/12/15 Order").) Plaintiffs argued that Ms. Lee did not have standing to oppose their renewed motion. The Court stated that "[w]hether or not Ms. Lee has standing to object to the motion for fees, she raises arguments that the Court would have raised, *sua sponte*, with Plaintiffs regarding the request to reconsider the issue of whether the settlement is a coupon settlement." (11/12/15 Order at 2 & n.2.)

According to the record, Ms. Lee's counsel, John W. Davis and C. Ben Nutley, expended a total of 140.8 hours on the matter through November 15, 2015, at hourly billing rates of $600 and $630, respectively, for a total lodestar of $86,313.00. (Docket No. 122-1, Declaration of John W. Davis ("Davis Decl."), ¶ 3; Docket No. 122-2, Declaration of C. Benjamin Nutley ("Nutley Decl."), ¶ 3.) Ms. Lee seeks $33,925 in fees, which she argues represents 30% of the difference between the fees agreed upon in the Settlement and the amount the Court ultimately awarded Plaintiff's counsel.

The Court will address additional facts as necessary in the analysis.

2

**ANALYSIS**

Although Ms. Lee raises several arguments as to why she is entitled to recover fees, which Cole Haan disputes, the Court does not reach that issue, because it finds Ms. Lee has not met her evidentiary burden to justify the fees requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (discussing award of fees under Section 1983).

In his declaration, Mr. Davis provides some basic information about his experience and attests that his "current" hourly rate is $600. Mr. Nutley also provides the Court with some basic information about his experience, and he attests that his "current" hourly rate is $630. Ms. Lee has not met her burden to show that these hourly rates are reasonable within the "relevant community," *i.e.* the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008) (party seeking fees must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"); *accord Chalmers*, 796 F.2d at 1210-11. The Court finds that the record is devoid of any evidence to show that counsel's rates are reasonable within the relevant community. Therefore, Ms. Lee has not met her burden on that issue.

Mr. Davis also attests that he billed 79.7 hours on this matter through November 15, 2015. (Davis Decl., ¶¶ 3, 5-6.) Mr. Davis appears to have calculated his lodestar using his current hourly rate, even though Ms. Lee first appeared in the case in 2013 (79.7 x. $600 = $47,820.00). The Court has no information about Mr. Davis' hourly rate when Ms. Lee entered the case, and Mr. Davis does not explain why the Court should apply his current rate for time incurred prior to 2015. Mr. Davis does attest that his "contemporaneous records are maintained as part of [his] regular business practice" that he "reviewed [his] records for accuracy and compared the work performed with my file," and that he "deducted certain hours found to be duplicative of that of my co-counsel." (Davis Decl., ¶ 4.)

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and should at least "identify the general subject matter of his time

3

1  expenditures." *Hensley*, 461 U.S. at 437 & n.12; *accord Chalmers*, 796 F.2d at 1210.  Mr. Davis
2  has neither provided those records to the Court nor provided a basic breakdown of the tasks
3  counsel performed or the time expended on those tasks.  Mr. Nutley's declaration suffers from the
4  same defects.  Although he attests that it is his practice to review the contemporaneously-kept time
5  records and "to remove duplicative, unnecessary, or non-compensable time entries," and that he
6  believes "the time calculation submitted comprises time reasonably necessary to the prosecution of
7  the objection before this Court," he has not provided the Court with any information about the
8  types of tasks performed.  (Nutley Decl. ¶ 4.)  Because counsel have not provided the Court with
9  any detail about the types of tasks they performed as part of the objection process, the Court
10 cannot discern whether the fees counsel incurred were reasonable.  *See, e.g., Hensley,* 461 U.S. at
11 437 & n.12; *Chalmers,* 796 F.2d at 1210.

The Court also notes that Cole Haan pointed out these deficiencies in its opposition brief.  Ms. Lee did not address these arguments in reply and she did not attempt correct them by providing the Court with additional information.  In light of the fact that Ms. Lee argued that Plaintiffs' documentation of the fees they incurred was not sufficient, the Court finds no excuse for her failure to present more detailed information.  (*See* Docket No. 77, Objections to Settlement and Request for Attorneys' Fees at 7:1-5.)

For each of these reasons, the Court finds that Ms. Lee has failed to meet her burden to support her request for fees, and it DENIES the motion on that basis.

**IT IS SO ORDERED.**

Dated:  March 14, 2016

_____
JEFFREY S. WHITE
United States District Judge

4